**Robert Lee THOMAS, Petitioner,**

v.

**STATE OF NORTH CAROLINA and Mr. Bill Mahoney, Superintendent, Respondents.**

**No. 2448.**

United States District Court, E. D. North Carolina, Raleigh Division.

Aug. 3, 1970.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondents.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Robert Lee Thomas, a state prisoner, pursuant to 28

U.S.C. § 2241. The petition was filed with this court on November 3, 1969.

Petitioner is serving a sentence of natural life imposed on August 13, 1962, by the Cumberland County Superior Court for murder in the first degree. Petitioner, represented by counsel, entered a plea of not guilty and was tried by a jury.

On December 16, 1968, the Cumberland County Superior Court gave petitioner a plenary hearing on a writ of habeas corpus filed there. Relief was subsequently denied and on July 25, 1969, petitioner was denied a writ of certiorari by the North Carolina Court of Appeals. Petitioner has thereby exhausted his available state remedies on the claims presented in compliance with 28 U.S.C. § 2254.

Petitioner alleges that he was interrogated without the aid of counsel and that a confession was illegally obtained from him. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) does not have retroactive application and does not affect this case. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The court must consider whether the confession was voluntary according to pre-*Miranda* law. The record does not show, as petitioner alleges, that the confession was involuntary. The petitioner alleged at the state hearing that he was intimidated into confessing by long interrogation and by the implication that he would be beaten with a night stick if he did not confess. The state judge found, after hearing sufficient evidence, that petitioner was not "induced to make such confession either by promise of reward or by coercion or intimidation." The court relies on this factual determination. Petitioner does not allege that he requested counsel before being questioned. A police officer stated that petitioner did not request to see anybody before being questioned. The trial judge, after exhaustive inquiry, made a determination that the confession was voluntary. The evidence presented before this court is not sufficient to show the confession involuntary.

Petitioner next alleges that he was not proven guilty upon sufficient evidence. Due process is violated only in circumstances where the conviction was totally devoid of evidentiary support. Faust v. North Carolina, 307 F.2d 869 (4th Cir. 1962). The voluminous transcript of petitioner's trial contains ample evidence to satisfy due process.

Petitioner also complains of an illegal search and seizure. No facts are alleged in support of this claim. Petitioner must allege more than mere legal conclusions. Petitioner also made this allegation in his state petition. At the state hearing both petitioner and his attorney stated that there was no merit in this claim. The state courts have not considered this claim and petitioner has not exhausted his available state remedies thereon.

Petitioner alleges that the arresting officers carried him to the State of South Carolina without a warrant. At the state hearing there was testimony that petitioner was interviewed in North Carolina by South Carolina police officers. It is alleged that a confession given to the South Carolina officers is now discredited. These further facts are not sufficient to render the present confession involuntary.

Finally petitioner alleges denial of counsel at the preliminary hearing. The Supreme Court has recently held in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (June 22, 1970), that counsel is constitutionally required at preliminary hearings. No determination has been made on the retroactivity of *Coleman*. The United States Court of Appeals for the Fourth Circuit has set down for argument a case which raises this question. In order to avoid possible conflict and to better insure justice for both parties, this court will hold consideration on this last claim in abeyance until the Fourth Circuit has a chance to act.

For the foregoing reasons relief is presently denied on the petition. The

case is, however, retained on the docket until the appropriate time for consideration of the last claim.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.